## KNOWLTON and another *v.* OLIVER and another.

*(Circuit Court, N. D. Ohio, W. D.    June Term, 1886.)*

1. CONTRACT—CONSTRUCTION—GENERAL RULES.
    A contract must be construed as a whole.   Words are to be given their usual and common signification, and the language used must be read in the light of surrounding circumstances, the situation of the parties, and the object of the contract, and that construction given which most nearly conforms to the intention of the parties.

2. EVIDENCE—EXPERT—ITS VALUE.
    Expert evidence depends for its value upon tne knowledge of the witness, and his experience and capacity, as well as upon the reasons he gives for his opinions.

3. SALE—WARRANTY—CONSTRUCTION—PARTICULAR PHRASE.
    Where milling machinery is warranted to make flour "*to satisfy the trade*" of the party to whom it is sold, the "trade" meant is the "trade" in and around the place where the mill is situated.

4. DAMAGES—MEASURE OF—BREACH OF CONTRACT.
    Where plaintiff had bought and manufactured machinery for defendant, who subsequently rescinded the contract, the plaintiff's measure of damages was held to be the loss in the value of the machinery actually manufactured below the contract price, the loss of the profit on the sale of machinery purchased by him for the purpose of filling the contract, and the profits to be realized from the work to be performed in setting up the machinery.

The plaintiffs were manufacturers of mill machinery, and also engaged in furnishing other machinery than their manufacture, and putting up mills, located at Fort Wayne, Indiana.   The defendants, living in Van Wert county, Ohio, being desirous to erect and put into operation a mill at Venedotia, in that county, entered into a written contract by which the plaintiffs sold to, and the defendants agreed to purchase, certain mill machinery described in the contract, and which the plaintiffs agreed to put up in a mill-house to be erected by the defendants; and fully complete and put in operation a complete mill, by a time named, and for the price stated in the contract of $6,000, to be paid as therein stipulated.

The written contract contained the following clause:

"This mill, when completed and ready for operation, is guarantied by the party of the first part [the plaintiffs] to have a capacity of from ten to twelve bushels of wheat per hour, and make a grade of flour equal to the straight flour made at the Delphos mills, and satisfy the trade of the second party, [the defendants.]"

Under the contract the plaintiffs proceeded to manufacture the machinery they were to make, and made contracts to purchase the part thereof they did not manufacture; and by the sixteenth of May, 1884, had, as they claimed, all the machinery ready to deliver according to the contract, and were ready to put the same in the mill-house, as required by the contract.   The defendants went on and erected the mill building required to hold the machinery, but, before the machinery was delivered, they notified the plaintiffs that they would not receive the machinery, or allow them to complete

the mill; claiming that they had ascertained that the machinery so purchased would not comply with the guaranty contained in the contract as to the character of flour to be produced thereby, and refused to comply with said agreement.

This suit is brought for a breach of this contract, and the plaintiffs allege that they had and were ready to comply in all respects with their agreement, and asked judgment for their damages for such breach. The defendants deny such compliance with the agreement, and allege that the machinery was not such as was provided for in the said guaranty; and also claim damages, occasioned by plaintiffs' breach of contract in not furnishing them such machinery, by the erection of their mill-house, and by procuring ground upon which to locate, claiming great losses upon the value thereof.

*J. K. Hamilton* and *Harvey Scribner*, for plaintiffs.

*R. H. Cochran* and *C. T. Watt*, for defendants.

WELKER, J., (*orally, charging jury.*) Three things are provided for in this guaranty: (1) The capacity of the mill to be 10 to 12 bushels per hour; (2) that the mill would make a grade of flour equal to the straight flour made at the Delphos mills; (3) that the flour it would make would satisfy the trade of the defendants.

There is no contention as to the first, but the controversy is as to the last two items of the guaranty.

The defendants might refuse to take the machinery before its delivery, and before it was placed in the mill building, if the machinery was not such as was provided for in the contract and guaranty. They were not required to allow the machinery to be put up in the mill, and rely on the guaranty afterwards, if it did not comply with the guaranty. The plaintiffs must show that they have complied with their contract, or that they were ready and willing to do so, and were prevented by the defendants, to entitle them to recover for the breach of the contract, as claimed in this case.

Your finding in this case will necessarily depend upon the construction given to the words used, "Delphos Mills," being the standard of the grade of flour it was to make. This is important, for the reason that there were two mills at Delphos at the time, and it is claimed that one made a better grade of flour than the other. A contract must be construed as a whole; and to ascertain, as far as possible, the intent and understanding of the parties to it, at the time it was made. Words are to be given their usual and common signification,— the sense in which they are commonly used. The language used must be understood in its plain and ordinary sense, as read in the light of the surrounding circumstances, the situation of the parties, and the objects of the contract or guaranty, and that construction given which most nearly conforms to the intentions of the parties.

In the light of these rules of construction, you will carefully examine all the evidence, and ascertain what was intended by the parties

in the use of the term "Delphos Mills." The plaintiffs claim it meant the old mill, called "Delphos Mills," and the defendants insist it meant all the mills at Delphos, including the one called the "Eagle Mills."

Having settled the construction of the guaranty in that respect, you will next find, from the evidence, whether such machinery was being furnished by the plaintiffs as would make the grade of flour provided for in the guaranty. A large part of the evidence upon this question consists of the opinion of experts in the milling and machinery business. This class of evidence is proper to be carefully considered. The value of it greatly depends upon the knowledge of the witness, and his experience and capacity, as well as reasons given for opinions expressed.

As to the third item of the guaranty, that the flour should "satisfy the trade of the defendants." This mill was to be erected at the village of Venedotia. The trade in flour there, and the surrounding country in which it would be sold, would constitute the standard of this part of the guaranty. It would mean that the character of the flour should be such as would, fairly and reasonably, enable the defendants to compete with other mills whose flour might be sold or used in that part of the country.

If you find that the plaintiffs complied with their contract, and the machinery was such as would comply with the guaranty, then you will return a verdict for the plaintiffs, and assess such damages as they may have sustained by reason of defendants' failure to comply with the contract. There are several elements to be considered in this assessment, consisting of loss in the value of the machinery actually manufactured below the contract price, loss of the profit on the sale of machines purchased by them for the purpose of completing the contract, and the profits to be realized from the work to be performed in setting up the machinery.

If you find for the defendants, on their counter-claims, you will assess to them such damages as they may have sustained; and the measure of such damages would be the decrease in the value of their mill-house, and the lot thereon, by reason of the failure to complete the mill for them as provided for in the contract.

Verdict for the plaintiffs.